LATIMER AND RANDALL v. LOVETT.

A treasurer's deed in consummation of a sale of land for taxes, under the act of 1827, (R. L. 1838. p. 96,) is evidence of the regularity of the *sale* only; and a party claiming title under it, must show affirmatively that all the proceedings, anterior to the sale, in the assessment and return of the taxes, have been had in conformity to the statute. This point decided in *Scott* v. *Detroit Young Men's Society*, 1 Dougl. Mich. R. 121, re-affirmed.

ERROR to Lenawee Circuit Court. Ejectment by Latimer and Randall against Lovett. The plaintiffs claimed as the grantees of one Hoeg. The only evidence of Hoeg's title which they adduced on the trial, was a deed of the premises, executed to him by the treasurer of Lenawee county, in consummation of a sale of the same for taxes. It appeared from the recitals in the deed, that the sale was made March 3, 1836, for taxes assessed for the year 1832. The plaintiffs did not offer any evidence to show that the taxes for which the premises were sold, were legally assessed and returned, or that the proceedings anterior to the sale had been in conformity to the statute.

On the submission of the cause to the jury the court charged, "that, under the statute applicable to the case, (R. L. 1827, p. 378, and R. L. 1833, p. 96 §15*) the plaintiffs, in order to have established a good title in Hoeg under the treasurers deed, should have proved to the jury the existence and regular assessment of the tax for the non-payment of which the premises were sold, and that the same had been returned as uncollected by the officer to

---

*This statute provided that the county treasurer's deed should vest in the person to whom it was given, an absolute estate in fee simple, subject to all the claims which the territory of Michigan should have thereon, and should be *conclusive evidence that the sale was regular* according to the provisions of the act. For subsequent statutes on this subject, see R. S. 1838, p. 98, §20; S. L. 1842, p. 98, §53 ; S. L. 1843, p. 58, and R. S. 1846, p. 114, §82. See, also, 1 Dougl. Mich. R., 121 note.

whom the tax list was committed for collection ; that with-
out the assessment of such tax, and the non-payment of
the same, the treasurer would have had no power to make
the sale ; that the *onus* was on the plaintiffs claiming title
through such treasurer's deed, to prove all those facts upon
which the power of the treasurer to make the deed de-
pended ; that under the statute the treasurer's deed was
not even *prima facie* evidence of such proceedings anteri-
or to the action of the treasurer in advertising and selling
the land, as authorized him to sell the same ; but was ev-
idence of the regularity of the *sale* only ; and that without
evidence of such proceedings, the jury would not be au-
thorized to find a verdict for the plaintiffs." Under this
charge, to which the plaintiffs excepted, the jury found a
verdict for the defendant, on which judgment was render-
ed. The plaintiffs now claim a reversal of the judgment
on the ground that the charge was erroneous.

*A. Backus* for the plaintiffs.

*A. H. Tiffany* for the defendant, cited *Sharp* v. *Spier*, 4
Hill, 78, 84, 86 ; *Williams* v. *Peyton*, 4 Wheat. 77 ; *Ran-
kendorf* v. *Taylor*, 4 Peters, 349 ; *Jackson* v. *Shepherd*, 7
Cowen, 88 ; 8 Wheat., 682 ; *Jackson* v. *Morse*, 18 Johns.,
441 ; *Rowland* v. *Doty*, Harr. Ch. R. 1, 10 ; R. L. 1833,
p. 96, §15, 16.*

WING, J. delivered the opinion of the court. We think
that the decision of this court in *Scott* v. *The Detroit Young
Men's Society*, 1 Dougl. Mich. R., 121, fully sustains the
charge given by the court below ; and we are satisfied with
the doctrine laid down in that case. The whole scope also
of the decision in *Rowland* v. *Doty*, Harr. Ch. R. 1, and the
authorities cited by the Chancellor in delivering his opin-

*When this cause came on for argument *Scott* v. *Detroit Young Men's Society*
had not been reported, and counsel were, therefore, ignorant of it, until attention was
called to it by the court after the argument had commenced.

ion, tend to establish the same doctrine ; although, as remarked by the Chancellor, it was not necessary in that case to decide whether it was incumbent on the party claiming title under the treasurer's deed, to show affirmatively the regularity of all the proceedings, and that all the prerequisites to the sale had been complied with.

The judgment below must, therefore, be affirmed.

*Judgment affirmed.*